Mark P. Goodman (MG 3848)  ELECTRONICALLY FILED
Shannon R. Selden (SS 1019)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Counsel to Defendants Clayton, Dubilier & Rice, Inc., and
Clayton, Dubilier & Rice Fund VI


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PAUL ORFALEA,                                                     :
                                                                  :
                       Plaintiff,                                 :
                                                                  :   No. 07-CV-2256 (BSJ)
       v.                                                         :
                                                                  :
                                                                  :
CLAYTON, DUBILIER & RICE, INC., and CLAYTON,                      :   **ANSWER**
DUBILIER & RICE FUND VI,                                          :
                                                                  :
                       Defendants.                                :
                                                                  :
                                                                  :
------------------------------------------------------------------x

      Defendants Clayton, Dubilier & Rice, Inc., and Clayton, Dubilier & Rice Fund VI

(jointly, "CD&R Group" or "Defendants"), by their counsel, Debevoise & Plimpton LLP,

for their Answer to the Complaint of Plaintiff Paul Orfalea ("Orfalea" or "Plaintiff"),

respectfully allege as follows:

22431856v2

# ANSWER

## Introduction

1. Defendants deny the allegations contained in paragraph 1 of the Complaint.

## Jurisdiction and Venue

2. Defendants admit the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in paragraph 3 of the Complaint.

## Parties

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

## Factual Allegations

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint, except to the extent such allegations purport to paraphrase or quote selectively from the October 8, 2002 Stock Purchase Agreement ("Stock Purchase Agreement"). Defendants respectfully refer to the Stock Purchase Agreement for the full and true content thereof.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint, except to the extent such allegations purport to paraphrase or quote selectively from the Stock Purchase Agreement. Defendants respectfully refer to the Stock Purchase Agreement for the full and true content thereof.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint constitute legal conclusions, to which no response is required. To the extent, however, that any wrongdoing or breach on the part of the Defendants may be implied from these allegations, Defendants deny them.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that on or about December 30, 2003, FedEx announced that it would acquire Kinko's.

21. Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except admit that the closing date of the acquisition of Kinko's by FedEx was on or about February 12, 2004.

22.	Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.	Defendants deny the allegations contained in paragraph 23 of the Complaint, except to the extent such allegations purport to paraphrase or quote selectively from the Stock Purchase Agreement. Defendants respectfully refer to the Stock Purchase Agreement for the full and true content thereof.

<u>First Claim: Breach of Contract—Damages</u>

24.	Defendants repeat and re-allege each of their responses to paragraphs 1 through 23 as though they were fully set forth herein.

25.	Defendants admit the allegations contained in paragraph 25 of the Complaint.

26.	Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint.

27.	Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.	Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.	Defendants deny the allegations contained in paragraph 29 of the Complaint.

22431856v2

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint, and specifically deny that Plaintiff is entitled to the relief requested with respect to the First Claim.

### Second Claim: Breach of Contract—Rescission

33. Defendants repeat and re-allege each of their responses to paragraphs 1 through 32 as though they were fully set forth herein.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

22431856v2

38. The allegations in paragraph 38 of the Complaint constitute legal conclusions, to which no response is required. To the extent, however, that any wrongdoing or breach on the part of the Defendants may be implied from these allegations, Defendants deny them.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint, and specifically deny that Plaintiff is entitled to the relief requested with respect to the Second Claim.

## General Defenses

40. Unless otherwise specifically admitted herein, each and every allegation contained in the Complaint is hereby denied.

## First Affirmative Defense

41. The claims asserted in the Complaint are barred by the doctrine of laches.

## Second Affirmative Defense

42. The claims asserted in the Complaint are barred by the doctrine of estoppel.

## Third Affirmative Defense

43. The claims asserted in the Complaint are barred by the doctrine of waiver.

44. Defendants reserve the right to amend this Answer and to assert additional defenses or to supplement, alter, or change this Answer, or to assert any counterclaims, upon ascertaining more definite facts during and upon completion of their investigation and discovery.

## PRAYER FOR RELIEF

45. WHEREFORE, CD&R Group respectfully prays for judgment against Orfalea and entry of an Order:

    1. Dismissing the Complaint in its entirety with prejudice;

    2. Awarding costs and attorneys' fees to CD&R Group; and

    3. Granting such other and further relief to CD&R Group as the Court may deem just and proper.

Dated:   New York, New York
           April 16, 2007

           Respectfully submitted,

           DEBEVOISE & PLIMPTON LLP

           By:   /s/   Shannon R. Selden
                Mark P. Goodman (MG 3848)
                Shannon R. Selden (SS 1019)

           919 Third Avenue
           New York, New York 10022
           Tel: (212) 909-6000
           Fax: (212) 909-6836

           Counsel to Defendants Clayton, Dubilier & Rice, Inc., and Clayton, Dubilier & Rice Fund VI